UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                Plaintiff,

    v.

UNITED STATES TREASURY OF AMERICA et al.,

                Defendant.

Case No. C21-1513-JCC-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Anthony Eugene Lewis, who is currently confined at Western State Hospital, has submitted to this Court for filing an application for leave to proceed *in forma pauperis* (IFP), Dkt. 4, a proposed 42 U.S.C. § 1983 complaint, Dkt. 4-1, and a proposed motion for preliminary injunction, Dkt. 4-3.  The allegations in Plaintiff's proposed complaint are difficult to ascertain; however, Plaintiff generally appears to allege violations of his First, Eighth, and Fourteenth Amendment rights.  *See* Dkt. 4-1.  The Court, having reviewed Plaintiff's proposed filings and other relevant court records, recommends that Plaintiff's IFP application be DENIED, as Plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding in this action without prepayment of the filing fee.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Under § 1915(g), a prisoner who brings three or more federal court actions that are dismissed as frivolous or for failure to state a claim may not proceed IFP in any other federal court action "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three cases filed by Plaintiff while incarcerated were dismissed as frivolous or for failure to state a claim. *See Lewis v. United States Surgeon General*, C19-0878-MJP (W.D. Wash.), dismissed July 9, 2019; *Lewis v. King County Department of Risk Management*, Case No. C18-1798-RSM (W.D. Wash.), dismissed February 22, 2019; *Lewis v. King County*, Case. No. C09-1039-RSL (W.D. Wash.), dismissed February 8, 2010; *Lewis v. Seattle Police Dep't*, Case No. C01-1246-JCC (W.D. Wash.), dismissed January 23, 2002. Plaintiff has therefore received at least three strikes for the purposes of § 1915(g), and this Court has previously denied Plaintiff IFP status on that basis. *See, e.g.*, *Lewis v. King County*, Case No. C19-1601-RSM (W.D. Wash.), dismissed November 18, 2019; *Lewis v. King County*, Case No. C19-1295-MJP-MAT (W.D. Wash.), dismissed November 12, 2019; *Lewis v. King County*, Case No. C19-0797-JCC (W.D. Wash.), dismissed July 12, 2019.

Because Plaintiff has accumulated over three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).”). The imminent danger exception requires a prisoner to allege a danger that is

1  "ready to take place" or "hanging threateningly over one's head." *Id*. at 1056 (internal citations

2  omitted).

3      Here, Plaintiff fails to plausibly allege "imminent danger." Both his proposed complaint

4  and proposed motion for preliminary injunction seemingly suggest that he is subject to danger

5  because he is experiencing "astral rape" and "molestation." *See* Dkt. 4-1 at 4–10; Dkt. 4-3 at 2–

6  4, 8. They also broadly refer to the COVID-19 pandemic. *See* Dkt. 4-1 at 4–5; Dkt. 4-3 at 5.

7  Plaintiff made similar "astral rape" allegations in proposed complaints previously filed in this

8  Court. *See Lewis*, Case No. C19-0797-JCC, Dkt. 1-1; *Lewis*, Case No. C19-1295-MJP-MAT,

9  Dkt. 1-1. As in those cases, the Court finds Plaintiff's allegations of "astral rape" insufficient to

10 satisfy the imminent danger exception to § 1915(g), *see Lewis*, Case No. C19-0797-JCC, Dkt. 5

11 at 3–4; *Lewis*, Case No. C19-1295-MJP-MAT, Dkt. 12 at 2, because Plaintiff fails to allege any

12 facts indicating what "astral rape" is or from which the Court can conclude that it has occurred.

13 Plaintiff's broad references to COVID-19 are likewise insufficient to satisfy the imminent danger

14 exception. The Court therefore concludes that Plaintiff is unable to proceed IFP in this lawsuit,

15 and his IFP application should be DENIED.

16                                                    CONCLUSION

17      Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing

18 fee plus a $52.00 administrative fee (for a total of $402.00). Accordingly, this Court

19 recommends that Plaintiff's application to proceed IFP, Dkt. 4, be DENIED. The Court further

20 recommends that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on

21 which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff

22 fails to do so. Finally, the Court recommends that Plaintiff's proposed motion for preliminary

23

REPORT AND RECOMMENDATION - 3

injunction, Dkt. 4-3, be DENIED as moot.  A proposed Order accompanies this Report and Recommendation

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 31, 2021**.

Dated this 10th day of December, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4