THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES TREASURY OF AMERICA, *et al.*,<br><br>        Defendants. | CASE NO. C21-1513-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Anthony Lewis's objections (Dkt. No. 7) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge. (Dkt. No. 6.) Having thoroughly considered the parties' briefing and the relevant record, including Plaintiff's emergency filings (Dkt. Nos. 10, 11), the Court finds oral argument unnecessary and hereby ADOPTS the R&R (Dkt. No. 6) and OVERRULES Plaintiff's objections (Dkt. No. 7) for the reasons explained herein.

I.    BACKGROUND

Plaintiff, currently confined at the Western State Hospital and proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP"), a proposed 42 U.S.C. § 1983 complaint, and a proposed motion for preliminary injunction. (Dkt. Nos. 4, 4-1, 4-3.) In his complaint, Plaintiff appears to allege violations of his First, Eighth, and Fourteenth Amendment rights. (*See* Dkt No.

4-1 at 6.) The remainder of his allegations are difficult to ascertain.

On December 10, 2021, Judge Vaughan issued an R&R recommending that the Court deny Plaintiff's IFP application as required under 28 U.S.C. § 1915(g). (Dkt. No. 6.) Under that statute, a prisoner may not proceed IFP in a civil action if the prisoner has, on three or more occasions, brought civil actions or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Judge Vaughan notes that Plaintiff has brought at least three cases while incarcerated that were dismissed as frivolous or for failure to state a claim, and that this Court has previously denied Plaintiff IFP status under 28 U.S.C. § 1915(g). (Dkt. No. 6 at 2.)

Plaintiff objects to Judge Vaughan's R&R, alleging that he was "hit in [his] face and body with a police shield," "involuntarily forced" to be tested for coronavirus, and "(astral) hit by an unseen force." (Dkt. No. 7 at 1.) He further alleges that he "fear[s] for his life . . . because staff are . . . threatening bodily harm [and] striking at [him] behind [his] back" and because "staff may accidentally hit and hurt [him]." (Dkt. No. 7 at 2.) In a supplemental filing, Plaintiff also alleges that he was assaulted by a fellow patient who "[hit] him in the eye with his food tray" and that staff "laughed . . . and refused to separate [him] from the other patient." (Dkt. No. 8 at 3.)

## II.     DISCUSSION

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the

magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

Plaintiff's objections are generally unresponsive to Judge Vaughan's R&R. (*See generally* Dkt. No. 7.) First, Plaintiff does not dispute that he has accumulated over three strikes under 28 U.S.C. § 1915(g) and is therefore generally barred from filing a civil action without paying the filing fee. Second, Plaintiff does not allege any facts, either in his complaint or in his objections, to suggest that at the time he filed his complaint he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters [sic] for purposes of the 'imminent danger' exception to § 1915(g).").

The imminent danger exception requires a prisoner to allege an ongoing danger that is "ready to take place or 'hanging threateningly over one's head.'" *Andrews*, 493 F.3d at 1056 (internal citations omitted). "The prisoner may meet this requirement by 'alleg[ing] that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (internal citations omitted).

Plaintiff's allegations do not meet the imminent serious injury requirement. While he alleges that he was struck by an unseen force, the harm appears to take the form of psychological rather than physical injury. Nor would the facility's requirement that Plaintiff take a COVID-19 test constitute a serious physical injury. Although Plaintiff does allege that he was physically injured by a fellow patient and threatened with injury by staff, this is not an ongoing danger sufficient to meet the imminent danger requirement. *See Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016).

Because Plaintiff has not alleged that he faced imminent danger of serious physical injury

at the time he filed his complaint, the Court FINDS that Plaintiff is barred from filing this civil action without paying the filing fee. *See* 28 U.S.C. § 1915(g).

### III.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)  The R&R (Dkt. No. 6) is ADOPTED;

(2)  Plaintiff's objections (Dkt. No. 7) are OVERRULED;

(3)  Plaintiff's application to proceed with this action IFP (Dkt. No. 4) is DENIED;

(4)  Plaintiff is DIRECTED to pay the filing fee within thirty (30) days of this order;

(5)  Plaintiff's proposed motion for preliminary injunction (Dkt. No. 4-3) is DENIED;

(6)  The Court will not consider any additional motions unless and until Plaintiff pays the filing fee; and

(7)  The Clerk is DIRECTED to send a copy of this order to Plaintiff and to Judge Vaughan.

DATED this 14th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE